UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARVEY LEE PRESTON,

    Plaintiff,

v.

RANDEE REWERTS, *et al.*,

    Defendants.

Case No. 24-10701
Honorable Laurie J. Michelson

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Harvey Lee Preston was incarcerated at the Carson City Correctional Faciality ("DRF") in Carson City, Michigan.[1] He filed a *pro se* complaint against sixteen DRF employees under 42 U.S.C. § 1983. Having reviewed the complaint, the Court concludes that venue is not proper in this district and transfers the case to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1406(a).

---

[1] Preston's complaint lists DRF as his current address but according to the Michigan Department of Corrections' offender tracking website he is currently confined at the Ionia Correctional Facility ("ICF") in Ionia, Michigan. *See* Michigan Department of Corrections Offender Tracking Information System ("OTIS"), https://perma.cc/6NJN-JM6E. DRF and ICF are both located in counties that are in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1).

The proper venue for civil actions in which jurisdiction is not based on diversity of citizenship is the judicial district where: (1) any defendant resides if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property in question is situated; or (3) any defendant may be found if there is no other district in which plaintiff may bring the action. *See* 28 U.S.C. § 1391(b). Public officials "reside" in the county where they serve. *See O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972). "[T]he court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. Of Texas*, 571 U.S. 49, 55 (2013). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to *sua sponte* transfer [the] case" under section 1406(a). *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

The complaint names sixteen defendants, all of whom Plaintiff identifies as Michigan Department of Corrections' employees working at the Carson City Correctional Facility in Montcalm County. The complaint arises from events occurring in Montcalm County. Montcalm County is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Because Defendants are located

2

in the Western District and the complaint concerns events arising there as well, venue is not proper in this district. The case will be transferred to the Western District of Michigan, where venue is proper.

The Clerk of Court is ORDERED to transfer this case to the United States District Court for the Western District of Michigan.

SO ORDERED.

Dated: March 22, 2024

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE